UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Christine Margaret Thompke, | ) | Civil Action No. 4:05-452-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | REPORT AND |
| City of Myrtle Beach (South Carolina); | ) | RECOMMENDATION |
| Arresting Officer Frakes, City of Myrtle | ) | |
| Beach, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff initiated this action by complaint filed February 15, 2005.[1] She subsequently filed a 65-page amended complaint on May 24, 2005. The named defendants include the City of Myrtle Beach, South Carolina, Arresting Officer Frakes, City of Myrtle Beach Police Department, Officer R. L. Sutter, Officer Ursits, Auto Body Works, Inc., "seventeen (17) other currently unidentified persons or people, and seven (7) other currently unidentified agencies or businesses." City, Frakes, Ursits and Auto Body Works were served with the complaint. Plaintiff's complaint alleges a remarkable series of events included within a conspiracy or conspiracies involving her ex-husband, an auto mechanic, the manager of a restaurant, a person considered to be a boyfriend, many police officers, friends, and others. Of primary focus are events which allegedly occurred on January 24 and 25, 2002. Plaintiff alleges that Officer Frakes wrongfully pulled her over for a traffic stop. She alleges that he told her he was arresting her for Driving While Intoxicated, but the actual Violation

---

[1] Plaintiff also filed a similar complaint naming the City of Myrtle Beach Police Department on January 31, 2005. Upon her request and prior to service of process, that action was dismissed without prejudice. (*See Christine Margaret Thompke v. Myrtle Beach Police Department*, 4:05-309-TLW).

Report charged her with Public Intoxication. She alleges she was sitting in her car with the doors locked and refused Officer Frakes request to role down her window and to exit her vehicle. She alleges Officer Frakes "somehow magically lifted the electronically operated door locks" on her vehicle, forced her out, handcuffed her and placed her in the back of his patrol car. She alleges at some point, Officer Frakes hit her in the head with a blunt object which rendered her unconscious for a period of hours. She alleges she has learned that Officer Frakes transported her to a vacant lot where seven (7) male police officers and three (3) female officers (who she believes "may have unusual sexual preferences and, in my opinion, be somewhat perverted") raped and sexually assaulted her. She alleges that another man and woman who had been following her were also present. She alleges that she was also kicked. She alleges that these people "are what I call 'Church pukes' . . . and have become known to me recently as 'swingers'. . ."

She alleges she was transported to the Myrtle Beach Police Department where she remained until she was released on bond on January 25, 2002. She alleges a myriad of claims allegedly under state law and 42 U.S.C. §1983, which she sets forth as (1) stalking, (2) Violation of My Right to Privacy, (3) Illegal or Improper Search and Seizure (of my vehicle and property contained in my vehicle as well as my "temporary abode" at the Suburban Lodge'), (4) Falsification of Records and/or Intentional Misrepresentation of Facts, (5) Forced Entry, (6) Wrongful Arrest and/or Malicious Prosecution, (7) Deprivation of My Right to Due Process, (8) Deprivation of My Right to Testing to Prove My Innocence, (9) Wrongful Imprisonment, (10) Deprivation or Violation of My right to Freedom, (11) Violation of My Miranda Rights, (12) Abuse of Power and/or Official Misconduct, (13) Intentional Misidentification, (14) Police Brutality, (15) Sexual Assault and Battery, (16) Malicious Tampering with, Vandalism of, and Theft of Property, (17) Obstruction of

Justice, (18) Defamation, (19) Attempted Identity Theft, (20) Intentional Infliction of Emotional Distress, (21) Intentional Infliction of Pain and Suffering, (22) Intentional Infliction of Mental Anguish, (23) Property Conversion, (24) Grand Larceny, (25) Insurance Fraud, (26) and Conspiracy.

Other than vague allegations of a continued conspiracy involving stalking and illegal surveillance, the allegations involve the alleged incidents which occurred on January 24 and 25, 2002,[2] and before.[3]

This matter if before the court on Defendant Auto Body Works, Inc.'s (Auto Body Works) motion for summary judgment filed December 29, 2005 (Document # 95). Defendant seeks summary judgment against plaintiff's claims against it, based on the expiration of the applicable statute of limitations. For the reasons set forth below, it is recommended that defendant's motion be granted.

The relevant facts for purposes of the statute of limitations defense are not complicated. Plaintiff was pulled over and arrested[4] by Frakes on January 24, 2002. The alleged illegal conduct on behalf of the defendants occurred on January 24 and 25, 2002. Defendant Auto Body Works, Inc. was contacted on January 24, 2002, to tow her vehicle. The following day, January 25, 2002, plaintiff was released from custody and she presented to Auto Body Works where she retrieved her

---

[2] On page 42 of plaintiff's complaint, she alleges five of the persons who were involved in the alleged sexual battery on May 17, 2005, at the time she was preparing her complaint "managed to cripple my laptop computer to the point where I can NOT use it because I can NOT see anything on its video screen."

[3] As set forth in the conspiracy claim, she also alleges that as part of this vast conspiracy she was wrongfully arrested on December 30, 2001.

[4] After she requested and was granted several continuances, plaintiff failed to appear for trial on the Public Intoxication charge. Thus, she was determined to be guilty her bond was forfeited.

vehicle. She claims that her vehicle was damaged and contents were missing from the vehicle. Plaintiff filed this lawsuit on February 5, 2005.[5]

The matter is now before the court on defendants' motions for summary judgment filed March 20, 2005 (Document # 95)(Auto Body Works) and April 7, 2006 (Document # 126)(City of Myrtle Beach, Officers Frake and Ursits).[6] Defendants' seek summary judgment primarily on the issue of expiration of the applicable statute of limitations. Because the plaintiff is proceeding *pro se*, she was advised on or about December 30, 2005 and April 10, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motions for summary judgment with additional evidence or counter affidavits could result in dismissal of her complaint. The plaintiff filed her response on October 4, 2004.

Since the plaintiff is proceeding pro se, this court is required to treat her filings and pleadings with some degree of liberality. Estelle v. Gamble, 429 U.S. 97 (1976); Hughes v. Rowe, 449 U.S. 9 (1980) (per curiam). However, plaintiff is cautioned that while the mandated liberal construction afforded *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but that a court may not rewrite pleadings to include claims that were never presented; Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct plaintiff's legal arguments for her, Small v. Endicott, 998 F.2d 411, 417-418 (7th Cir.

---

[5] Plaintiff initially filed suit on January 31, 2005 (Civil Action No. 4:05-cv-00452-TLW-TER). However, upon her request, the lawsuit was dismissed without prejudice.

[6] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

1993), or "conjure up questions never squarely presented" to the Court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986). The court cannot act as counsel for the *pro se* litigant or excuse a failure to comply with the rules of this Court.

Defendants filed their motion for summary judgment pursuant to Rule 56, FRCP. The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as

provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celetex Corp. v. Catrett, 477 U.S. 317, 324 (1986)(Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves").  To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings.  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Celetex Corp. v. Catrett, 477 U.S. 317, 322 (1986).   See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

As set forth above, plaintiff's claims arise out of alleged incidents occurring on January 24 and 25, 2002.

S.C. Code §15-3-530 (1976, as amended) provides that any "action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law, . . . shall be three years."  Therefore, the applicable statute of limitations governing plaintiffs' claims for intentional infliction of emotional distress and outrageous conduct is three years.  S.C. Code § 15-3-550 requires that any "action for libel, slander, or false imprisonment" must be commenced within two years.  Therefore, plaintiffs' claims for defamation and false imprisonment are governed by a two year statute of limitation.   Actions for injuries not arising on contract must also be brought

within three years of the date of discovery. S.C. Code §15-3-530(5)(1976, as amended).[7]

The applicable statute of limitations for a § 1983 action is taken from limitations applied to state tort causes of action. Causey v. Balog, 162 F.3d 795, 804 (4th Cir. 1998)(internal citations omitted). In South Carolina, the statute of limitations is two (2) years under the South Carolina Tort Claims Act (S.C. Code 1976 § 15-78-100(a))[8], and three (3) under the general statute of limitations (S.C. Code 1976 § 15-3-530). Therefore, for all of plaintiff's claims, under both federal and state law, the statute of limitations is at most three (3) years.

"A cause of action accrues at the moment the plaintiff has a legal right to sue on it." Jones v. City of Folly Beach, 326 S.C. 360, 483 S.E.2d 770, 774 (S.C. Ct. App. 1997). South Carolina courts apply the discovery rule to determine when the applicable statute of limitations begins to run. Berry v. McLeod, 492 S.E.2d 794 (S.C. Ct. App. 1997).[9]

> Knowledge of the injury alone does not, *a fortior*, give rise to suspicion of impropriety by an attorney. Rather, the limitations period is triggered by knowledge of facts, diligently acquired, sufficient to put an injured person on notice that a cause of action may exist against another. The test of whether a person should have known the operative facts is objective, not subjective, and the discovery rule focuses on whether the complaining party acquired knowledge of any existing facts sufficient to put the party on inquiry.

---

[7] South Carolina has a two (2) year statute of limitation contained in the South Carolina Tort Claims Act, §15-78-100 (1976, as amended). See also §15-3-550, S.C. Code of Laws (1976)(two year statute of limitations for action for false imprisonment). Therefore, any state, common law claims alleged against the City of Myrtle Beach, Officer Frake or Officer Ursits would be subject to a two-year statute of limitations.

[8] If a plaintiff files a required notice, the statute of limitation under the Tort Claims Act is extended to three (3) years.

[9] South Carolina has not adopted the discovery rule in libel and slander cases. Id. at 369, 775. Plaintiff does not contend that it is applicable.

Peterson v. Richland County, 515 S.E.2d 553, 554 (S.C. Ct. App. 1999)(internal citations omitted).[10]

"Reasonable diligence" means

> simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point and not when advice of counsel is sought or a full-blown theory of recovery developed.

Mitchell v. Holler, 429 S.E.2d 793,395 (S.C. 1993)(quoting Snell v. Columbia Gun Exchange, Inc., 278 S.E.2d 333(1981)). The discovery rule is also statutorily recognized in actions under §15-3-530(5). S.C. Code §15-3-535 (2001 Supp.)(all actions initiated under Section 15-3-530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action). The discovery rule involves an objective, not subjective, analysis. Jaubert v. South Carolina Dept. of Soc. Services, 534 S.E.2d 1, 9 (Ct. App. 2000).

A hearing was held on February 1, 2007. Counsel for the parties were present. Upon the special request of the plaintiff and without objection from the defendants, plaintiff participated by telephone. At the hearing, plaintiff expressed her disagreement with the law regarding limitations periods applicable to this case and argued that actions brought relative to the United States

---

[10] The South Carolina Supreme Court has rejected the "continuous treatment rule" for tolling the statute of limitations in medical malpractice claims. Harrison v. Bevilacqua, 580 S.E.2d 109,114 (S.C. 2003). The South Carolina Court of Appeals has also rejected a "continuous representation" rule in a legal malpractice case. Holy Lock Distributors, Inc. v. R.L. Hitchcock, 503 S.E.2d 787, 793 (S.C. Ct. App. 1998), reversed on other grounds, 531 S.E.2d 282 (S.C. 2000).

Constitution have no statute of limitations and should be at least five years.[11] The undersigned has found no law supporting plaintiff's argument.

Plaintiff's allegations are extraordinary. Nonetheless, the applicable limitations periods prohibit her from litigating her claims. Therefore, for the reasons set forth above, it is recommended that defendants' motions (Documents # 95 and # 126) be granted and plaintiff's action be dismissed. In the event the district judge agrees with this recommendation, all outstanding motions should be deemed moot.

February 2, 2007                                  s/Thomas E. Rogers, III
Florence, South Carolina                          Thomas E. Rogers, III
                                                  United States Magistrate Judge

**The parties' attention is directed to the important notice contained on the following page(s).**

---

[11] Plaintiff also appears to argue that the statute of limitations in this case should not begin to run until December 26, 2003, because she did not discover some of the alleged actions of the defendants and others until then due to her loss of memory or unconscious state at the time of the alleged actions of the defendant and others. In her motion filed March 20, 2006, (document #116), she asserts that she "discovered" the actions of the defendants in mid-February, 2002. Even if this could serve as the basis to toll the statute of limitations, plaintiff has failed to present any competent evidence to support such an argument. She has presented no expert testimony and her reliance on her own self serving, unsubstantiated statement is insufficient to survive summary judgment. See Williams v. Cerberonics, Inc., 871 F. 2d 452, 455 (4th Cir. 1989).