UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CHRISTINE MARGARET THOMPKE, | ) | Civil Action No.: 4:05-0452-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| CITY OF MYRTLE BEACH (SOUTH CAROLINA), et al. | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Presently pending before the Court is Plaintiff's Motion for Extension of Time to File Appeal (Document # 212).¹ On March 26, 2007, the district judge entered an Order (Document # 191) adopting the Report and Recommendation filed by the undersigned, granting Defendants' Motions for Summary Judgment, and dismissing the case. The Clerk of Court entered Summary Judgment by separate document (Document # 192) the same day, March 26, 2007.² The Court's docket reveals that the Order (Document # 191) and the Judgment (Document # 192) were placed in the mail to Plaintiff on March 26, 2007.

On May 25, 2007, Plaintiff filed the present Motion, entitled, "Plaintiff and Pro Se Litigant's MOTION or REQUEST for Extension of Time for Filing an Appeal OR for Reopening of Time for Filing an Appeal" (Document # 212). Among other things, Plaintiff asserts in her Motion that 1) she did not receive the Order and Judgment until April 18, 2007, 2) she did not review them until April

---

¹This motion was referred to the undersigned by the district judge. Because a denial of Plaintiff's motion would be dispositive of this case, this Report and Recommendation is entered for review by the district judge.

²See Rule 58(b)(2)(A), Fed.R.Civ.P., providing that judgment is entered when it is set forth on a separate document.

20, 2007, and 3) the Judgment did not include an entry number or entry date, which means that she has not received the "required notice of entry of judgment."[3]

Rule 4(a)(1)(a) of the Federal Rules of Appellate Procedure provides that a notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Because the Judgment from which Plaintiff appeals was entered on March 26, 2007, the deadline for filing a notice of appeal was April 25, 2007. Rule 4(a)(5)(a), FRAP, allows a district court to extend the time to file a notice of appeal if "(i) a party so moves no later than 30 days after the time prescribed by the Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause."

Plaintiff filed her motion on May 25, 2007, exactly 30 days after the time prescribed by Rule 4(a). Therefore, her motion is timely. However, Plaintiff has failed to demonstrate excusable neglect or good cause for failing to file her notice of appeal within thirty days of entry of judgment. First, Plaintiff argues that she did not receive the Order and Judgment in the mail until April 18, 2007. However, the Court's docket reveals that the two documents were mailed to Plaintiff on March 26, 2007. It is presumed that service by regular mail is received within three days pursuant to Rule 6(e) of the Federal Rules. Fed.R.Civ.P. 6(e); Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148, n. 1, 104 S.Ct. 1723, 1724, 80 L.Ed.2d 196 (1984) (suggesting that Rule 6(e) applies when parties dispute the date of receipt). If the actual date of receipt is confirmed by evidence, that date governs. Dixon v. Digital Equip. Corp., 976 F.2d 725, 1992 WL 245867, *1 (4th Cir. Sept. 30, 1992) (unpublished); Williams v. Enterprise Leasing Co. of Norfolk/Richmond, 911 F.Supp. 988,

---

[3] Between March 26, 2007, when the Order and Judgment were filed, and May 25, 2007, when Plaintiff filed the present Motion for Extension of Time, Plaintiff filed fifteen (15) documents with the Court. In the majority of these documents, Plaintiff makes the same or similar arguments.

991-992 (E.D.Va.1995). However, Plaintiff has failed to present any evidence that she received the Order and Judgment on April 18, 2007.[4] Thus, Plaintiff's assertion that she received the documents twenty-three days after they were entered (and her subsequent argument that she wasn't able to review the documents until two days later) fails to constitute excusable neglect or good cause as required by Rule 4(a)(5)(a), FRAP.

Plaintiff next argues that she has yet to receive proper notice of the entry of Judgment since the copy of the Judgment she received did not include an entry number or entry date. Plaintiff's argument is without merit. As noted above, the Court's docket reveals that the Judgment was entered on March 26, 2007. Plaintiff asserts that she received a copy of the Judgment on April 18, 2007, and that she has been told verbally, via telephone, that summary judgment was entered on March 26, 2007. In addition, as conceded by Plaintiff, the copy of the Judgment she received includes a signature date of March 26, 2007. Pursuant to Rule 58(b)(2)(A), Fed.R.Civ.P., judgment is entered for purposes of the rules when it is set forth on a separate document. Thus, as reflected by the Court's docket and as contemplated by Rule 58(b)(2)(A), Judgment was entered in this case on March 26, 2007. Furthermore, Plaintiff has received actual notice of the Judgment. The fact that Plaintiff's copy of the Judgment does not include a separate entry date does not make entry of the Judgment invalid. Thus, Plaintiff's argument that she has yet to receive notice of the entry of Judgment is insufficient to establish excusable neglect or good cause for her failure to timely file a notice of appeal.

---

[4]Even if Plaintiff's assertions in this motion and her previous filings that she received the documents on April 18, 2005, could be considered evidence, it is insufficient to rebut the presumption the she received them within three days of mailing by the Court.

Because Plaintiff fails to establish good cause or excusable neglect as required by Rule 4(a)(5)(A)(ii), FRAP, Plaintiff's Motion for Extension of Time to file a notice of appeal should be denied.

Plaintiff also appears to be moving the court to reopen the time to file an appeal pursuant to Rule 4(a)(6), FRAP, which provides:

> **Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rules of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Plaintiff must satisfy subsections (A), (B), and (C) for the time for appeal to be reopened. As set forth above, although Plaintiff claims that she did not receive notice of the Order or Judgment until twenty-three days after they were entered, the Court's docket reveals that both the Order and Judgment were mailed to Plaintiff on the same day they were entered[5], and a party is presumed to receive mail three days after it was sent. Plaintiff has failed to offer any evidence sufficient to rebut the presumption that she received the documents within three days after they were mailed.

Nevertheless, even if Plaintiff could satisfy subsection (A) by providing some evidence that she received the Order and Judgment more than twenty-one (21) days after they were entered, she has failed to satisfy subsection (B) because she did not file the present motion to reopen within seven

---

[5]Rule 77(d), Fed.R.Civ.P., provides: "Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry in the manner provided for in Rule 5(b) upon each party who is not in default for failure to appear and shall make a note in the docket of the service." Rule 5(b), Fed.R.Civ.P., provides for service by mail to the last known address of the person served. Service of the Order and Judgment in the present case was made pursuant to these rules.

(7) days after she received notice of the entry. Plaintiff asserts that she received copies of the Order and Judgment on April 18, 2007. However, her present motion was not filed until May 25, 2007, more than seven (7) days after she received notice. As discussed above, Plaintiff's argument that she has yet to receive proper notice of the entry of Judgment is without merit. Therefore, because Plaintiff fails to establish at least one of the requirements set forth in Rule 4(a)(6), her motion to reopen the time to file an appeal should be denied.[6]

In light of the above analysis, it is recommended that Plaintiff's Motion for Extension of Time to File Appeal (Document # 212) be denied.

                                                                 s/Thomas E. Rogers, III
                                                                 Thomas E. Rogers, III
                                                                 United States Magistrate Judge

October 10, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[6]It should be noted that pending before the district judge are "Plaintiff and Pro Se Litigant's Motion or Request for ORDER for Dismissal of Case to be Reversed and Remanded" (Document # 197) (docketed by the Court as a Motion for Reconsideration) and "Plaintiff and Pro Se Litigant's Motion to Strike SUMMARY JUDGMENT IN A CIVIL CASE made and issued by Sharon Welch-Meyer, Deputy Clerk (one dated March 26, 2007)" (Document # 205). Certain timely filed motions will postpone the time to file an appeal. See Rule 4(a)(4)(A).