IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Christine Margaret Thompke, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.:4:05-0452-TLW-TER |
| | ) | |
| City of Myrtle Beach (South Carolina) et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

# ORDER

On March 26, 2007, this Court entered an Order accepting Magistrate Judge Thomas E. Rogers, III's, Report and Recommendation, which granted the defendants' motions for summary judgment. (Doc. #191). On May 3, 2007, the plaintiff filed "Plaintiff and *Pro se* Litigant's Motion to Request for Order for Dismissal of Case to be Reversed and Remanded." (Doc. #197). Based on the relief requested the Court has deemed this motion as a "Motion for Reconsideration." (Doc. #197). Additionally, on May 11, 2007, the plaintiff filed a "Motion to Stike" summary judgment. (Doc. #205). On May 25, 2007, the plaintiff filed a "Motion or Request for Extension of Time for filing an Appeal OR for Reopening of Time for Filing of Appeal." (Doc. #212). This motion was referred to Magistrate Judge Thomas E. Rogers, III, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. On October 10, 2007, Judge Rogers issued a Report and Recommendation regarding the plaintiff's motion for an extension to file an appeal. (Doc. #223). On November 26, 2007, the plaintiff filed untimely objections to the Report. (Doc. #234).

1

## A.  MOTION FOR RECONSIDERATION

Pursuant to Rule 59 of the Federal Rules of Civil Procedure a party may request the Court to alter or amend a judgment.  In the instant case, the petitioner requests relief from the Court's Order accepting the magistrate's Report and Recommendation, in which he recommended granting the defendants' motions for summary judgment. (Doc. #191).  Generally, whether to alter or amend is a decision left to the discretion of the trial judge, and a liberal standard applies.  Minton v. National Ass'n of Secs. Dealers, Inc., 336 F.3d 1373, 1379 (5th Cir.2003).  However, this liberal discretion standard does not apply to Rule 59(e) motions seeking review of a grant of summary judgment; as to those motions, a *de novo* standard applies.  Cockrel v. Shelby County Sch. Dist., 270 F.3d 1036, 1047 (6th Cir.2001).

Pursuant to Rule 59(e):

> Any motion to alter or amend a judgement shall be filed no later than 10 days
> after entry of the judgment.  Federal Rules of Civil Procedure, Rule 59(e).

In the instant case, the petitioner filed motions to reconsider well outside the 10 day period.[1] The Order was issued on March 26, 2007, and entered by the Clerk on that same day.  (Doc.'s #191, 192).  The plaintiff filed a motion to reconsider on May 3, 2007, (Doc. #197) and a motion to strike summary judgment on May 3, 2007.  (Doc. #205).  As such the motions were not filed within the allowable time frame.  Therefore, the Court will not consider the motion pursuant to Rule 59 of the Federal Rules of Civil Procedure.[2]  The Court will, however, consider these motion pursuant to Rule

---

[1]The plaintiff filed a motion to reconsider and a motion to strike.  (Doc. #'s 197, 205). These motions seek the same relief based upon similar grounds.

[2]The Court notes that as this motion was untimely filed it does not toll the time period in which the plaintiff may file an appeal.

60(b) "Motions for Relief From Judgment or Orders."[3]  Rule 60(b) of the Federal Rules of Civil

Procedure allows the Court to relieve a party from a final judgment for the following reasons:

> ...(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence by which due diligence could not have been discovered
> in time to move for a new trial under Rule 59(b); (3) fraud (whether
> heretofore denominated intrinsic or extrinsic), misrepresentation, or other
> misconduct of an adverse party; (4) the judgment is void; (5) the judgment
> has been satisfied, released, or discharged, or a prior judgment upon which
> it is based has been reversed or otherwise vacated, or it is no longer equitable
> that the judgment should have prospective application; or (6) any other reason
> justifying relief from the operation of the judgment.

The plaintiff has not asserted one of the reasons for relief from judgment recognized under

rule 60(b).  However, the Court will still consider her request.  The plaintiff asserts that she is

entitled to relief from judgment because: (1) the statute of limitations does not apply to her causes

of action (2) the Court failed to consider her objections to the Report and Recommendation (3) and

the Court violated the Federal Rules of Civil Procedure. (Doc. #'s 197, 205).

The plaintiff's assertions that the statute of limitations does not apply, that the Court failed

to consider her objections to the Report, and that Court violated the Federal Rules of Civil Procedure

are without merit.  The Report and Recommendation clearly identifies each cause of action and the

limitations period which applies to it.  (Doc. #165).  As the record reflects, this Court gave a "careful

review of the dates set forth in the Report" and those "asserted by the plaintiff in **her objections** to

the Report."  (Doc. #191) (*emphasis added*).  The Court finds that the law and analysis are accurate

such that the plaintiff is not entitled to the relief requested.  Furthermore, it is clear from the record

that the Court considered her objections to the Report.  (Doc. #191).  Additionally, the plaintiff has

---

[3]The Court notes that Rule 60(b) motions filed later than 10 days of judgment do not toll
the time for appeal.  Fed. R. App. P. 4(a)(4)(A)(vi).  Therefore, the plaintiff's motion does not
toll the time for appeal.

cited no case law to support her claim that the statute of limitations does not apply to any of the causes of action brought by the plaintiff.

The plaintiff asserts that the Court "violat[ed] the Federal Rules of Civil Procedure." (Doc. #197). This argument is without merit. Essentially, the plaintiff asserts that the Court never considered her motion for judgment on the pleadings. (Doc. #50). In that motion, the plaintiff appeared to be seeking sanctions or judgment against the defendants for failure to respond to her complaint. The motion was properly deemed **MOOT** by this Court, as reflected in the Order accepting the magistrate's Report and Recommendation. (Doc. #191).

The party seeking relief from a judgment or order bears the burden of demonstrating that the prerequisites for such relief are satisfied. McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc., 298 F.3d 586, 592 (6th Cir.2002). Whether to grant relief under Rule 60(b) is left to the discretion of the trial court, and will not be disturbed on appeal unless that discretion has been abused. Id. The plaintiff has failed to provide the Court with any new facts, evidence, or legal arguments which would justify granting a motion for relief from judgment. Therefore, the Court denies the plaintiff's motion to reconsider and the motion to strike. (Doc. #'s 197, 205).

## B. MOTION TO EXTEND TIME TO FILE AN APPEAL

On May 25, 2007, the plaintiff filed a motion for extension of time to file an appeal. (Doc. #212). This issue comes before this Court by review of the Report and Recommendation ("the Report") filed, October 10, 2007, by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned. In the Report, Magistrate Judge Rogers recommends that the plaintiff's motion be denied. (Doc. #223). Objections to the Report were due October 30, 2007. The petitioner did not file objections until November 26, 2007. (Doc. #234). The Court has

4

however, considered the objections to the Report.

In the Report the magistrate judge recommends denying the motion to extend time to file an appeal because the plaintiff has failed to demonstrate excusable neglect or good cause for failing to file her notice of appeal within thirty (30) days of entry of judgment as is required under Rule 4 of the Federal Rules of Appellate Procedure.

In conducting its review of the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed the Report. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. #223). Therefore, for the reasons articulated by the Magistrate Judge, it is **ORDERED** that plaintiff's motion for an extension of time to file an appeal be **DENIED**. (Doc. #212). Additionally, for the reasons articulated above, the plaintiff's motion to reconsider and her motion to strike summary judgment are **DENIED**. (Doc. #'s 197, 205).

**IT IS SO ORDERED**.

s/Terry L. Wooten

Terry L. Wooten

5

United States District Judge

December 20, 2007
Florence, South Carolina